IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT |
| DALLAS BARBER AND STYLIST COLLEGE, INCORPORATED, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 against Defendant Dallas Barber and Stylist College ("Defendant"). This action is brought to correct unlawful employment practices because of sex discrimination and to provide appropriate relief to Tiffany-Lynne Ellis ("Ellis" or "Charging Party"). As alleged with greater particularity below, the United States Equal Employment Opportunity Commission alleges Defendant failed to hire Ellis because of her sex as it related to her pregnancy status.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas in Dallas, Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Dallas.

5. Defendant has continuously had 15 or more employees during the period relevant to this lawsuit.

6.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

7:  At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

8.  More than thirty days prior to the institution of this lawsuit, Ellis filed a charge with the Commission alleging violations of Title VII by Defendant.

9.  On July 2, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate unlawful employment practices and provide appropriate relief.

10. On July 26, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation advising that Defendant's attempts to conciliate failed due to Defendant's lack of response to the Commission's attempts to facilitate conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. On December 10, 2019, Defendant engaged in an unlawful employment action in Dallas, Texas, in violation of Section 702 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), as amended by the Pregnancy Discrimination Act (PDA).

13. Specifically, Defendant failed to hire Ellis because she was pregnant.

14. Ellis is a female and was pregnant when she applied for work with Defendant.

15. Iwotor is the owner of Dallas Barber and Stylist College.

16. Iwotor handles the hiring, firing, and management of employees for Defendant.

17. In 2018, Defendant offered Ellis a hair braiding position, but Ellis could not accept the position at that time.

18. On November 5, 2019, Ellis texted Defendant's owner, Sylvester Iwotor ("Iwotor"), to inquire about a hair braiding position at Defendant's Dallas, Texas-based business.

19. Iwotor told Ellis that she would need to come in person to Defendant's business to fill out an application and perform a practical, which included doing a full head of cornrows on a mannequin to assess her skills.

20. On or about November 12, 2019, Ellis went to Defendant's business and completed the practical with satisfactory results.

21. Ellis sent pictures of her practical to Iwotor, and Iwotor replied, "Looking good!"

22. From November 12, 2019, through December 6, 2019, Ellis persistently requested more information about her employment via text message, and Iwotor refused to give definitive answers.

23. On November 16, 2019, Ellis met with Iwotor and was offered a position as a hair braider.

24. On November 16, 2019, Iwotor also asked Ellis questions about her pregnancy and her due date.

25. On November 29, 2019, Ellis texted Iwotor and asked if she could work at another location operated by Defendant.

26. Iwotor replied and told Ellis they would discuss it on Monday, December 2, 2019.

27. Iwotor did not reach out to Ellis on December 2, 2019.

28. Ellis texted Iwotor on December 4, 2019, and informed the Defendant that she was waiting for him to contact her about starting the position.

29. Defendant replied on December 6, 2019, that he had not forgotten Ellis.

30. No definitive starting date or location was given to Ellis throughout her communication with Iwotor.

31. On December 10, 2019, through text message correspondence, Ellis accused Iwotor of wasting her time.

32. On December 10, 2019, Iwotor replied, "Some company don't hire people who are advanced in pregnancy. We hired you when you were not pregnant but you did not take the job now we are sorry for your situation. You condition now we will not be able to deal with it. Good luck."

33. Iwotor further explained, "Sorry lady, we are dealing with a pregnant instructor now and it's too much uncomfortable situation, it's not in our best interest to have two pregnant ladies in our school now."

34. Due to Defendant's failure to hire, Ellis suffered mental anguish and emotional distress.

35. Ellis also lost wages, training, and experience because Defendant failed to hire her.

## COUNT I- SEX DISCRIMINATION-FAILURE TO HIRE

36. Plaintiff adopts and realleges paragraphs 1 through 35 as if fully set forth in full herein.

37. Defendant engaged in unlawful employment practices in violation of Section 703 of Title VII, codified at 42 U.S.C. § 2000e-2(a)(1), as amended by the Pregnancy Discrimination Act (PDA), by failing to hire Ellis because of her sex as it relates to her pregnancy status.

38. Ellis was pregnant when Defendant failed to hire her.

39. Ellis was qualified for the position she was applying for.

40. Defendant intentionally, willfully, and wantonly discriminated against Ellis because of her pregnancy when it failed to hire her for a hair braiding position.

41. Ellis has suffered injuries and damages as a direct and proximate result of Defendant's discriminatory conduct, for which she is entitled to recovery as set forth herein.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against employees because of sex, subjecting employees to harassment because of sex, or retaliating against employees because of their protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Ellis whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Ellis whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraphs 12 to 41 above, in amounts to be determined at trial.

E. Order Defendant to make whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 to 41 above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ellis punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

G. Order Defendant to provide Ellis nominal damages.

H. Order Defendant to provide Ellis appropriate equitable relief in the form of reinstatement and/or an appropriate front pay award.

I. Grant further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED: September 9, 2024.

        KARLA GILBRIDE
        General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, NE
        Washington, DC 20507

        Marsha Lynn Rucker (PA 90041)
        Regional Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Birmingham District Office
        Ridge Park Place, Suite 2000
        1130 22nd Street South
        Birmingham, Alabama 35205
        Tel.: (205) 651-7045
        marsha.rucker@eeoc.gov