IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | § § § § | |
| v. | § § | No. 3:24-CV-2296-S |
| DALLAS BARBER & STYLIST COLLEGE INCORPORATED, Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Set Aside Default Judgment filed by Defendant Dallas Barber & Stylist College Incorporated ("Dallas Barber") on March 11, 2025. (Dkt. No. 23 ("Mot.").) The Equal Employment Opportunity Commission ("EEOC") has filed as response and brief in opposition. (Dkt. Nos. 26, 27 ("P. Br.").) Dallas Barber did not file a reply within the time permitted. *See* N.D. Tex. L.R. 7.1(f). United States District Judge Karen Gren Scholer referred the motion to the undersigned magistrate judge for a hearing, if necessary, and recommendation pursuant to 28 U.S.C. § 636(b). (Dkt. No. 25.) For the reasons that follow, the undersigned recommends that the District Judge **GRANT** the Motion to Set Aside Default Judgment and **ORDER** Dallas Barber to file an answer to the Amended Complaint.

## I. BACKGROUND

The EEOC filed this action on September 9, 2024, alleging that Dallas Barber engaged in sex discrimination by failing to hire a woman because of her pregnancy. (Dkt. No. 1 ("Compl.") at 2.)  The clerk issued summons on September 20, (Dkt. No. 6), and proof of service was filed on October 30, 2024, (Dkt. No. 9).  Dallas Barber appeared through counsel on November 22, 2024, to file a motion to dismiss. (Dkt. No. 10.)

With leave of court (*see* Dkt. No. 14), the EEOC filed an amended complaint on December 18, 2024 (Dkt. No. 19).  Because Dallas Barber's motion to dismiss was directed at a pleading that had been superseded, the Court terminated the motion as moot.  (Dkt. No. 20.)  On February 11, 2025—after Dallas Barber had neither renewed its motion to dismiss nor filed an answer—the EEOC requested entry of default.  (Dkt. No. 21.)  The clerk obliged.  (Dkt. No. 22.)

About a month later, on March 11, 2025, Dallas Barber filed the instant motion to set aside default judgment.  (Mot.)  In its motion, Dallas Barber does not explain why it failed to file an answer to the amended complaint but generally avers that its failure was the result of accident or mistake, not due to intentional or conscious indifference.  (Mot. at 1.)  Although the clerk has made an entry of default (*see* Dkt. No. 22), the EEOC has not moved for, nor has the Court entered, a default judgment.

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 55 mandates entry of default by the clerk when a party against whom relief is sought "has failed to plead or otherwise defend[.]"  Fed. R. Civ. P. 55(a).  That same rule authorizes a court to set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c).  "'Good cause' is interpreted liberally in the context of Rule 55(c)."  *Hutchinson v. Com. Recovery Sys., Inc.*, No. 3:13-CV-1266-D, 2013 WL 2367771, at *1 (N.D. Tex. May 30, 2013); *see also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991).

When assessing whether to set aside an entry of default, courts consider: (1) whether the party's failure to act was willful, (2) whether plaintiff would be prejudiced, (3) whether the defendant has presented a meritorious defense to the claims asserted, and (4) whether the defendant acted promptly to correct the default.  *Hutchinson*, 2013 WL 2367771, at *1.  These factors are not exclusive.  *See Wise v. AutoNation, Inc.*, No. 4:18-CV-44-ALM-CAN, 2018 WL 4630204, at *1 (E.D. Tex. May 22, 2018).  The EEOC opposes Dallas Barber's motion and contends that each of the factors weighs against granting the motion.

Dallas Barber's motion is erroneously predicated on default judgment having been entered.  The Court need not, therefore, consider the requirements for setting aside a default judgment under Fed. R. Civ. P. 60.  *See* Fed. R. Civ. P. 55(c).

## A.    Willfulness.

Dallas Barber has done little to support the merit of its motion.  It provides no detail explaining why it has failed to file a responsive pleading in this case, only claiming in the most conclusory terms that its failure was not intentional or willful. That does not satisfy a defendant's burden to show by a preponderance of the evidence that the failure was not willful.  *See F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136, at *14 (N.D. Tex. Dec. 10, 2021) ("The defendants bear the burden of proving by a preponderance of the evidence that their neglect was excusable rather than willful." (citing *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 595 (5th Cir. 2014))).  While that alone could justify denial of Dallas Barber's motion, it does not dictate that result and does not warrant pretermitting the analysis.  *See Missouri Sugars, LLC v. Cake Craft Factory, LLC*, No. 3:24-CV-1359-L, 2025 WL 678542, at *3 (N.D. Tex. Mar. 3, 2025).

## B.    Meritorious Defense.

Similarly, Dallas Barber's bare-bones motion only conclusorily asserts that the company "can and does set up the meritorious defense." (Mot. at 1.)  It but does not specify what that defense is.  The undersigned notes, however, that Dallas Barber asserted in its motion to dismiss that it does not qualify as an "employer" under Title VII, as defined at 42 U.S.C. § 2000e(b), and contended that the EEOC's claim was barred by limitations.  (*See* Dkt. No. 10.)

**C.    Expeditiousness.**

The EEOC argues that Dallas Barber did not act expeditiously in addressing the entry of default.  It supports its argument by pointing to authority equating "expeditiously" with days or a couple of weeks from the entry of default.  (P. Br. at 5 (citing *Roper v. Abbott*, No. 7:11-CV-00031-O, 2013 WL 12290262, at *6 (N.D. Tex. May 8, 2013)).)  It contends that Dallas Barber did not act expeditiously by filing its motion 29 days after entry of default.  Without a doubt, Dallas Barber has not moved with all deliberate speed to set aside the entry of default, but its motion was filed within the outer limits of what can be considered sufficiently expeditious.  *See Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cookin LLC*, No. 3:19-CV-1633-S, 2019 WL 5790112, at *2 (N.D. Tex. Nov. 5, 2019) (finding defendant moved expeditiously when it filed motion to set aside entry of default 34 days after its entry).

**D.    Prejudice.**

In this context, a party claiming prejudice resulting from setting aside a default must show more than that it would delay recovery or require the party to litigate its claims.  *See Hutchinson*, 2013 WL 2367771, at *1.  "To establish prejudice, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"  *Joe Hand Promotions, Inc.*, 2019 WL 5790112, at *2 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

The EEOC asserts that, because a scheduling order is in place, setting aside the entry of default would prejudice it by requiring it to abide by a severely compressed discovery period. Although it recognizes that the scheduling order can be amended on a showing of good cause, it does not consider Dallas Barber's calculated non-participation good cause that would justify an extension. The undersigned concludes otherwise. There remain four months during the discovery period. And while Dallas Barber might be hard pressed to establish good cause for an extension, the Court is likely to consider differently a motion presented by the EEOC if the period of delay caused by Dallas Barber's lack of engagement to this point prevents the agency from completing discovery in the remaining time. Given the availability of measures to mitigate this modicum of prejudice, the undersigned does not consider this to approach a substantial degree of prejudice analogous to the loss of evidence or increased opportunities for fraud that might justify denial of the motion.

### E.    Public Interest.

The EEOC additionally argues that granting Dallas Barber's motion contravenes public interests. (P. Br. at 4.) *See Roberts v. KJ Win, Inc.*, No. 3:23-CV-2999-KHJ-MTP, 2025 WL 1107836, at *3 (S.D. Miss. Apr. 14, 2025) (recognizing that courts may consider "whether the public interest was implicated" by setting aside default). In its view, Dallas Barber's unjustified delay has required an increased use of the commission's resources, resulting in the waste of taxpayer funds

and frustration of the public interest undergirding this lawsuit. The undersigned accepts that this employment discrimination claim is being litigated by a government agency in its pursuit of a mission that generally serves the public interest. Even so, the claim of sex discrimination asserted in this lawsuit is of central interest only to Dallas Barber and the Charging Party (*see* Compl. at 1), and such interest dissipates dramatically moving beyond them to the public at large.

*   *   *

The undersigned evaluates each of the factors discussed individually and in their totality. The undersigned also considers them in view of clear instruction that "[d]efault judgments are generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Joe Hand Promotions, Inc.*, 2019 WL 5790112, at *1 (quoting *Lacy*, 227 F.3d at 292). Considering the overarching policy of the Fifth Circuit favoring the resolution of cases on the merits, *see id.*, the undersigned finds that the applicable factors—and particularly the lack of prejudice—weigh in favor of good cause to set aside the clerk's February 12, 2025, entry of default.

**III.  RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Dallas Barber's Motion to Set Aside Default Judgment (Dkt. No. 23) be **GRANTED** and that Dallas Barber be **ORDERED** to file an answer to the Amended Complaint (Dkt. No. 19)

-7-

within 14 days of the order accepting this recommendation or another date established by the District Judge.

SO RECOMMENDED on June 26, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).